PETER B. VICAN vs. LEDERER REALTY CORPORATION.

JULY 6, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)   Landlord and Tenant.   Eviction.   Covenants.

The allegation of an eviction by the holder of the paramount title superior to that of the lessor, does not set out a breach of a covenant by lessor with lessee that lessee might hold the premises during the term, without disturbance by lessor or one holding a derivative title from him.

(2)   Leases.   Express and Implied Covenants.

Where a lease contains an express covenant, none will be implied which is inconsistent with that expressed.

(3)   Landlord and Tenant.   Covenant for Quiet Enjoyment.   Implied Covenants.

An express covenant in a lease for years that lessee may peacefully enjoy the premises without hindrance by lessor or persons claiming under him, excludes the implication of a covenant of quiet enjoyment against a stranger holding the paramount title.

COVENANT. Heard on exceptions of plaintiff and overruled.

SWEETLAND, C. J.   The above entitled case is an action of covenant to recover damages for the alleged breach of certain covenants of the defendant corporation contained in an indenture of lease under seal between the defendant corporation as lessor and the plaintiff as lessee.

By said indenture of lease, a copy of which is attached to the declaration and made a part thereof, said lessor for the considerations therein mentioned "demised, granted and to farm let" unto the said lessee, his executors, administrators and assigns the property described in the lease for the term of five years.   The only covenant of the lessor contained in the lease is as follows: "And the lessor for itself, its successors and assigns, covenants with the said lessee, his executors, administrators and assigns, to keep the exterior of the said premises in good repair during the continuance of this lease and that he and they, paying the rent and performing the covenants on the part of said lessee hereinafter contained, may peacefully hold and enjoy the said

premises during said term without any lawful let or hindrance by the lessor or any person claiming by, through or under it."

The declaration is in three counts. Each count alleges that the plaintiff has fulfilled and kept all of his covenents and agreements contained in said indenture of lease but that he has been evicted from said premises, described in the lease, by the James Campbell Estate by reason of a superior title to that of the defendant, which superior title has been adjudicated in the courts of this state. The first count of the declaration alleges that the defendant corporation did not keep and perform its covenant contained in said indenture of lease. The second count alleges that the defendant by its indenture did covenant that it did have right, power and authority to demise, grant and to farm let unto the plaintiff the described premises and that it has not kept and performed its covenants according to their tenor and the true intent and meaning of the said indenture. The third count alleges that the defendant by its indenture did impliedly warrant to and with the plaintiff that it was lawfully seized of such an estate in the described premises, that it might grant therefrom an estate for the term described in the lease and did impliedly warrant to the plaintiff that it had lawful authority to demise, grant and to farm let unto the plaintiff the described premises for the term.

The defendant demurred to each count of the declaration. This demurrer was sustained by the Superior Court. The plaintiff excepted and has brought said exception to this court.

(1) The demurrer to the first count was properly sustained. The only breach alleged in that count is of the express covenant that the plaintiff might hold the premises described, during the term, without disturbance by the lessor or one holding a derivative title from it. The allegation of an eviction by the holder of the paramount title superior to that of the defendant does not set out a breach of this covenant. The second and third counts are based on the

plaintiff's claim of covenants in law; that by implication of law the lessor had the right to lease the described premises for the term and that the lessee should have quiet enjoyment of the premises during the term. The plaintiff claims that these covenants in law are to be implied from the technical significance of the words "grant" and "demise" used in the indenture of lease under seal. The defendant calls our attention to the provisions of Section 13, Chapter 253, General Laws, 1909, that "the words, 'give,' 'grant,' or 'exchange,' in any conveyance, shall imply no covenant, warranty or right of re-entry." It has been held in some states that similar statutes abolishing covenants implied from the use of particular words do not apply to a lease for years, because such lease is not strictly a conveyance of land, but merely creates a chattel interest. Covenants in law, however, to be implied by the use of the word "demise" are not within the provisions of said section of the statute; and from the use of the word "demise," in a lease under seal, there is said to arise the implication of covenants of power to lease and of quiet enjoyment. When, however, the parties to a lease have put into the indenture an express covenant, none will be implied which is inconsistent with that expressed. The covenant expressed in the lease in question that the lessee may peacefully enjoy the premises without hindrance by the lessor, or persons claiming under it, excludes the implication of a covenant of quiet enjoyment against a stranger holding the paramount title. Neither the second nor third counts of the declaration state a cause of action and the demurrer as it relates to those counts was properly sustained.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*McGovern & Slattery*, for plaintiff.

*Alfred G. Chaffee*, for defendant.